# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

KINSALE INSURANCE COMPANY,

    Plaintiff,

v.                                        CASE NO:

MILLENNIA HOUSING MANAGEMENT,
LTD, LLC, JERNIGAN GARDENS
FL TC, LP, and DEVIN GAINES,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

KINSALE INSURANCE COMPANY ("Kinsale") files suit against MILLENNIA HOUSING MANAGEMENT, LTD ("Millennia"), JERNIGAN GARDENS FL TC, LP ("Jernigan"), and DEVIN GAINES and in support alleges:

## NATURE OF ACTION

1. This is an action for declaratory relief under 28 U.S.C § 2201 and for money damages. At issue is whether an Assault, Battery, Abuse, or Molestation exclusion eliminates coverage for an underlying claim involving an armed assailant who shot a tenant several times. Based on the plain language of the exclusion, Kinsale does not have a duty to defend or indemnify.

## JURISDICTION AND VENUE

2. Jurisdiction is proper because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this district because Kinsale issued and delivered the policy in this district, the underlying action is pending in this district, and otherwise a "substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(2).

4. All conditions precedent occurred, were performed, or were waived.

## THE PARTIES

5. Kinsale is an Arkansas corporation with its principal place of business in Richmond, Virginia. Kinsale is accordingly a citizen of Arkansas and Virginia. For purposes of this action, Kinsale is an eligible surplus lines insurer that issued a commercial general liability policy to Millenia and Jernigan.

6. Millennia is a limited liability company with its single member domiciled in Cleveland, Ohio. Millennia is accordingly a citizen of Ohio. For purposes of this action, Millennia was sued over a violent criminal attack and shooting.

7. Jernigan is a limited partnership with its general partners domiciled in Cleveland, Ohio.[1] Jernigan is accordingly a citizen of Ohio. For purposes of this action, Jernigan was sued over a violent criminal attack and shooting.

8. Devin Gaines is domiciled in Orange County, Florida. He is accordingly a citizen of Florida. For purposes of this action, Gaines sued Millenia and Jernigan in the underlying action.

## THE CRIMINAL ASSAULT OF GAINS

9. On 09/22/2023, Gains was shot several times at an apartment complex called Jernigan Apartments.

10. Gains sued Millenia and Jernigan on 11/07/2023 in circuit court in Orange County, Florida over the shooting. (A copy of the complaint is attached as Exhibit "A.").

11. Gains sued Jernigan as the owner, and Millenia as the property manager. (Ex. A. at ¶4, ¶5.)

12. "On September 22, 2023, [Gains] was an invitee of the apartment complex and rightfully on the premises." (*Id*. ¶8.)

---

[1] Gaines sued "Jernigan Gardens TC Investment, LLC" as the owner of the apartment complex, which is located at 1488 Mercy Drive, Orlando, Florida 3288, but that is the wrong entity. The premises is owned by "Jernigan Gardens FL TC, LP," which is a Scheduled Named Insured under the Kinsale policy.

13.     "On the date of the incident, an armed assailant shot [Gains] several times." (*Id*. ¶9.)

14.     Gains alleges Millennia and Jernigan "held out its premises as safe and secure residential premises, where tenants and their guests could reside and visit without fear of attack or criminal assault." (*Id*. ¶10.)

15.     Millennia and Jernigan allegedly knew of a "history of criminal activity" at the complex, and accordingly should have recognized the "likelihood of criminal activity would endanger" tenants like Gains. (*Id*. ¶12, 13.)

16.     They nonetheless "did not have any security measures to protect" people like Gains from this type of an "attack." (*Id*. ¶14.)

17.     According to Gains, Millenia and Jernigan "should have required that it [sic] required security measures to protect" people like Gains. (*Id*. ¶15.)

## THE KINSALE POLICY

18.     Kinsale is a surplus lines insurer. Millennia and Jernigan could not obtain insurance through the admitted market, so as a last resort, they applied for insurance through the surplus lines market. "Surplus lines insurance is a type of insurance available when, due to the nature and severity of the risk, an insured

cannot obtain coverage from insurers authorized to do business in the state." *Klopman v. Zurich Am. Ins. Co.*, 233 Fed. Appx. 256, 258 n.1 (4th Cir. 2007).

19. Before issuing the final policy, Kinsale previewed all the terms for Millennia and Jernigan in a preliminary Quote and then a Binder. (Copies of the Quote and Binder are attached as Composite Exhibit "B.")

20. Millennia and Jernigan accepted the terms proposed in the Quote, including the policy's Assault, Battery, Abuse, or Molestation exclusion.

21. Millennia and Jernigan accepted the terms proposed in the Binder, including the policy's Assault, Battery, Abuse, or Molestation exclusion.

22. Kinsale issued and delivered the policy to Millennia and Jernigan as the Named Insureds, bearing Policy Number 0100198195-1, and effective from 07/01/2023 to 07/01/2024. (A copy of the policy is attached as Exhibit "C.")

23. Millennia and Jernigan tendered the complaint by Gains to Kinsale for defense and indemnity. Kinsale has been providing them with a defense under a complete reservation of rights, which they have accepted. (A copy of Kinsale's reservation of rights is attached as Exhibit "D.")

## COUNT I – THE ASSAULT, BATTERY, ABUSE, OR MOLESTATION EXCLUSION

24. Kinsale incorporates Paragraphs 1 through 23.

25. The Kinsale policy includes this exclusion:

**EXCLUSION - ASSAULT, BATTERY, ABUSE, OR MOLESTATION**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this Policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", or "personal and advertising injury" arising out of, related to, or in any way involving any actual or alleged assault, battery, abuse, or molestation. Assault, battery, abuse, or molestation includes, but is not limited to, any conduct, physical act, gesture, sexual contact (whether or not consensual), sexual molestation, sexual or physical assault or battery, sexual abuse, sexual harassment or exploitation, harmful, unwanted or offensive contact, or spoken or written words of a sexual or physically violent nature, whether provoked or unprovoked.

This exclusion includes but is not limited to:

(1) The prevention or suppression of, or the failure to suppress or prevent any assault, battery, abuse, or molestation;

(2) The failure to provide an environment safe from any assault, battery, abuse, or molestation, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, abuse, or molestation;

(3) The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, abuse, or molestation;

(4) The reporting or failing to report to the proper authorities;

(5) Conducting or failing to conduct an investigation of any assault, battery, abuse, or molestation;

(6) Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

(7) Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been any assault, battery, abuse, or molestation;

(8) Any assault, battery, abuse, or molestation, whether caused by, or at the instigation, instruction, direction, or due to the negligence of the insured, the insured's employees, agents, patrons, customers, or any other person arising from any causes whatsoever; or

(9) The negligent hiring, employment, training, supervision, or retention of any "employee" or agent of any insured with respect to items **(1)** through **(8)** above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" regardless of whether assault, battery, abuse or molestation is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage", or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, abuse or molestation.

For purposes of this endorsement, **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, item **a. Expected or Intended Injury** is deleted and replaced with the following:

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

(*See* Ex. C. at Form CAS3201 0322.)

26. Under the plain language of the exclusion, there is no coverage for any claim or suit arising out of, related to, or in any way involving any actual or alleged assault or battery, like being shot multiple times by a criminal assailant.

27. The underlying lawsuit by Gains seeks damages arising out of, related to, and, involving an assault and battery.

28. Gains was shot multiple times by a criminal assailant, which is excluded under the Assault, Battery, Abuse, or Molestation exclusion.

29. Accordingly, Kinsale has no duty to defend or indemnify Millennia or Jernigan based on the policy's Assault, Battery, Abuse, or Molestation exclusion.

## COUNT II – THE DUTY TO DEFEND EXCLUSION

30. Kinsale incorporates Paragraphs 1 through 23.

31. The Kinsale policy includes the following Duty to Defend Exclusion: "Where there is no coverage under this Policy, there is no duty to defend." (*See* Ex. D, From CAS3043 0817, Pg. 2/3.)

32. The underlying lawsuit seeks damages arising out of, related to, and, involving Gains being shot multiple times by a criminal, which is excluded under the Assault, Battery, Abuse, or Molestation exclusion. Consequently, Kinsale has no duty to defend Millennia or Jernigan.

## RELIEF REQUESTED

Kinsale respectfully requests that this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the policy.

b. Declare there is no coverage for Millennia and Jernigan under the policy's Assault, Battery, Abuse, or Molestation exclusion; and

c. Award Kinsale all fees and costs Kinsale incurred defending Millennia and Jernigan in the underlying action since there is no coverage.

d. Award Kinsale all costs incurred to prosecute this action, as well as other relief this Court deems equitable, just, and proper.

Dated: 04/19/2024

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO A. BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 19, 2024, this document was filed via the CM/ECF system. I further certify that I am unaware of any non-CM/ECF participants.

/s/SERGIO A. BUENO
**SERGIO A. BUENO**