# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KINSALE INSURANCE COMPANY,

        Plaintiff,

v.                                Case No:   6:24-cv-732-JA-LHP

DEVIN GAINES,

        Defendant

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **KINSALE INSURANCE COMPANY'S MOTION FOR FINAL DEFAULT JUDGMENT (Doc. No. 50)** |
| **FILED:** | **September 18, 2024** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   BACKGROUND.

    Plaintiff Kinsale Insurance Company ("Plaintiff") instituted this action against Defendants Millennia Housing Management, LTD, LLC, ("Millennia")

Jernigan Gardens FL TC, LP ("Jernigan"), and Devin Gaines ("Gaines") on April 19, 2024, seeking a declaratory judgment determining that there is no coverage under a surplus lines insurance policy issued to Millennia and Jernigan.   Doc. No. 1.[1] The operative pleading is Plaintiff's second amended complaint, filed on May 31, 2024.   Doc. No. 24.[2]

This matter arises out of a lawsuit that Gaines filed against Millennia and Jernigan in state court, regarding a shooting at an apartment complex, with Jernigan as the property owner and Millennia as the property manager.   Doc. No. 24 ¶¶ 2, 10–11; *see also* Doc. No. 24-2 (copy of state court complaint).   Gaines alleged he was shot by an armed assailant at the apartment complex on September 22, 2023, and that Millennia and Jernigan were aware of criminal activity at the complex, but they failed to impose adequate security measures to protect tenants.   Doc. No. 24-2.

Plaintiff seeks a declaration that it has no duty to defend Millennia and Jernigan in the underlying state court action pursuant to the terms of the surplus lines insurance policy.   Doc. No. 24.   The policy was in effect from July 1, 2023

_____

[1] Surplus lines commercial general liability policy, bearing Policy Number 0100198195-1, and effective from July 1, 2023 through July 1, 2024.   Doc. No. 24 ¶ 22.   *See* Doc. No. 24-4.

[2] The Court dismissed Plaintiff's initial complaint and amended complaint for failure to adequately plead subject matter jurisdiction.   Doc. Nos. 13, 23.   As discussed below, Plaintiff has rectified these issues in the present second amended complaint.   Doc. No. 24.

through July 1, 2024. *Id.* ¶ 22; *see* Doc. Nos. 24-4, 24-5. The policy contains an "Assault, Battery, Abuse, or Molestation" exclusion, which states:

**EXCLUSION - ASSAULT, BATTERY, ABUSE, OR MOLESTATION**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this Policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", or "personal and advertising injury" arising out of, related to, or in any way involving any actual or alleged assault, battery, abuse, or molestation. Assault, battery, abuse, or molestation includes, but is not limited to, any conduct, physical act, gesture, sexual contact (whether or not consensual), sexual molestation, sexual or physical assault or battery, sexual abuse, sexual harassment or exploitation, harmful, unwanted or offensive contact, or spoken or written words of a sexual or physically violent nature, whether provoked or unprovoked.

This exclusion includes but is not limited to:

(1) The prevention or suppression of, or the failure to suppress or prevent any assault, battery, abuse, or molestation;

(2) The failure to provide an environment safe from any assault, battery, abuse, or molestation, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, abuse, or molestation;

(3) The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, abuse, or molestation;

(4) The reporting or failing to report to the proper authorities;

(5) Conducting or failing to conduct an investigation of any assault, battery, abuse, or molestation;

(6) Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

(7) Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been any assault, battery, abuse, or molestation;

(8) Any assault, battery, abuse, or molestation, whether caused by, or at the instigation, instruction, direction, or due to the negligence of the insured, the insured's employees, agents, patrons, customers, or any other person arising from any causes whatsoever; or

(9) The negligent hiring, employment, training, supervision, or retention of any "employee" or agent of any insured with respect to items **(1)** through **(8)** above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" regardless of whether assault, battery, abuse or molestation is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage", or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, abuse or molestation.

Doc. No. 24 ¶ 25; Doc. No. 24-4, at 68–69; *see also* Doc. No. 24-5, at 6–7.

Accordingly, Plaintiff alleges that there is no coverage for the underlying state court lawsuit because Gaines' claims arise out of an assault and battery.   Doc. No. 24 ¶¶ 26–29 (Count I) .   The policy also contains a "Duty to Defend" exclusion

stating that "[w]here there is no coverage under [the] Policy, there is no duty to defend." *Id.* ¶ 31; *see also* Doc. No. 24-5, at 10. Thus, Plaintiff alleges that there is no duty to defend in the underlying lawsuit because there is no coverage under the policy. Doc. No. 24 ¶ 32 (Count II). Plaintiff seeks a judgment declaring that Millennia and Jernigan are not entitled to coverage because the Assault, Battery, Abuse, or Molestation exclusion applies. *Id.* at 10.[3]

Plaintiff brought this declaratory action against Millennia and Jernigan as well as Gaines, for purposes of binding him to any judgment. Doc. No. 24. Millennia and Jernigan appeared in the case, Doc. No. 38, but ultimately Plaintiff, Millennia, and Jernigan filed a joint Stipulation for Dismissal of Two Defendants With Prejudice, in which Millennia and Jernigan stipulated that there is no coverage under the policy regarding the state court case, and Plaintiff agreed to dismiss its claims against them. Doc. No. 46. Based thereon, Millennia and Jernigan have been terminated as Defendants in this case. Doc. No. 47.

Gaines was served with the summons and complaint by service on his father as co-resident on June 27, 2024. Doc. No. 32. Gaines has not appeared in the case,

---

[3] In the complaint's prayer for relief, Plaintiff also seeks an award of fees and costs incurred in defending Millennia and Jernigan in the underlying action. Doc. No. 24, at 11. But Plaintiff has foregone this claim in an agreed stipulation to dismiss Millennia and Jernigan from this lawsuit, discussed below. *See* Doc. No. 46, at 2–3.

and Clerk's default was entered against him on July 29, 2024.   Doc. Nos. 40, 43–44. Based on Gaines' failure to appear, Plaintiff now seeks default judgment.   Doc. No. 50.   The motion has been referred to the undersigned, and the matter is ripe for review.

## II.     STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.   First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.   Fed. R. Civ. P. 55(a).   Second, after obtaining clerk's default, the plaintiff must move for default judgment.   Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.   *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[4]   Therefore, in considering a

_____

[4] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.   *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

A complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This analysis applies equally to motions for default judgment. *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

## III. ANALYSIS.

### A. Jurisdiction.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based on the diversity of citizenship between the parties. *See* Doc. No. 24 ¶¶ 2, 5–8.[5] The Court also has personal jurisdiction over Gaines, who is

---

[5] Although the complaint was brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, "the Declaratory Judgment Act . . . does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) (citing *Skelly Oil Co. v. Phillips Co.*,

domiciled in Orange County, Florida.   *See id.* ¶ 8.   *See also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

B.     Clerk's Default.

Gaines was served by service on his father and co-resident.   Doc. No. 32; Fed. R. Civ. P. 4(e)(2)(B).   Gaines had twenty-one days from the date of service to respond to the complaint, but did not.   *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, the Clerk properly entered default against him.   Doc. No. 44.   *See* Fed. R. Civ. P. 55(a).

C.     Declaratory Relief.

In an action based in diversity, the substantive law of the forum state applies. *Southern-Owners Ins. Co. v. Easdon Rhodes & Assocs. LLC*, 872 F.3d 1161, 1164 (11th Cir. 2017). [6]   Accordingly, in order to determine whether there is coverage under the policy and whether Plaintiff owes a duty to defend, the undersigned looks to Florida law.   *See id.*

_____

339 U.S. 667 (1950)).

Here, diversity jurisdiction exists because Plaintiff alleges that it is a citizen of Arkansas and Virginia, Millennia and Jernigan are citizens of Ohio, and Gaines is a citizen of Florida, and the underlying state court suit alleges damages in excess of $4 million. Doc. No. 24 ¶¶ 2, 5–8.

[6] Plaintiff does not cite to a choice of law provision in the insurance policy, and the undersigned has not located one.   Plaintiff also applies Florida law.   *See* Doc. No. 50.

Pursuant to Florida law, "a court may issue a declaratory judgment as to an insurer's duty to defend and duty to indemnify." *Am. Home Assur. Co. v. Vreeland*, No. 8:05-cv-2250-T-30MSS, 2006 WL 1037111, at *1 (M.D. Fla. Apr. 19, 2006) (citing *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5 (Fla. 2005)); *see also AIX Specialty Ins. Co. v. Ashland 2 Partners, LLC*, 383 F. Supp. 3d 1334, 1337 (M.D. Fla. 2019) ("A declaratory judgment is an appropriate method for the court to determine coverage issues, including the duty to defend and indemnify." (citing *Higgins*, 894 So. 2d at 9)). "An insurer's duty to defend arises from the insurance contract and policy." *Zurich Am. Ins. Co. v. Nat'l Specialty Ins. Co.*, 246 F. Supp. 3d 1347, 1355 (S.D. Fla. 2017) (citing *Allstate Ins. Co. v. RJT Enters., Inc.*, 692 So. 2d 142, 144 (Fla. 1997)). "The insurer must defend when the complaint alleges facts which fairly and potentially bring the suit within policy coverage." *Lime Tree Vill. Cmty. Club Ass'n, Inc. v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993) (citations omitted)).

"In Florida, an insurance policy is treated like a contract, and thus ordinary contract principles govern the interpretation and construction of such policy." *United Specialty Ins. Co. v. Ken Creel Stucco & Stone, Inc.*, No. 8:22-cv-02635-KKM-AEP, 2023 WL 4931171, at *4 (M.D. Fla. June 28, 2023), *report and recommendation adopted*, 2023 WL 5544656 (M.D. Fla. Aug. 29, 2023) (citing *Zurich Am. Ins. Co.*, 246 F. Supp. 3d at 1356). "The resolution of a dispute regarding insurance coverage begins with a review of the plain language of the insurance policy as bargained for

by the parties." *Koikos v. Travelers Ins. Co.*, 849 So. 2d 263, 266 (Fla. 2003) (citation omitted).   "Generally, Florida courts interpret provisions providing coverage as broadly as possible to ensure the greatest amount of coverage.   However, provisions excluding or limiting the liability of an insurer are construed more strictly than provisions providing coverage." *Ken Creel Stucco & Stone, Inc.*, 2023 WL 4931171, at *4, *report and recommendation adopted*, 2023 WL 5544656 (M.D. Fla. Aug. 29, 2023) (citations omitted).

Here, as discussed above, the underlying state court case is premised on Gaines' claim that he was shot by an armed assailant at Jernigan and Millennia's apartment complex on September 22, 2023.   Doc. No. 24-2.   Based on its plain language, the Assault, Battery, Abuse, or Molestation exclusion of the policy issued by Plaintiff to Jernigan and Millennia would apply to the shooting of Gaines.   Doc. No. 24 ¶ 25; Doc. No. 24-4, at 68–69; Doc. No. 24-5, at 6–7.[7]   Gaines admits as much by virtue of his default.   *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.   Accordingly, default judgment is proper.   *See, e.g.*, *Kinsale Ins. Co. v. Siddhi Hosp. Orlando, LLC*, No. 6:23-cv-1046-PGB-EJK, 2024 WL 3342141, at *5 (M.D. Fla. June 21, 2024), *report*

---

[7] While it does not appear that the terms "assault" and "battery" are defined in the Policy, those words must be given their plain and generally accepted meaning.   *See Evanston Ins. Co. v. S & Q Prop. Inv.*, LLC, No. 8:11-cv-2121-T-27MAP, 2012 WL 4855537, at *2 (M.D. Fla. Oct. 11, 2012) (citation omitted).   "Battery" includes shooting another person. *See id.; see also* Fla. Stat. §§ 784.03(l)(a), 784.045(l)(a).

*and recommendation adopted*, 2024 WL 3757750 (M.D. Fla. July 8, 2024) ("[A]s a matter of law, the Policy excludes coverage for the Underlying Lawsuit against Siddhi Hospitality Orlando because the Underlying Lawsuit involves a negligent security claim arising out of an alleged battery, as defined under Florida law, due to the allegation that Claimants were shot while on Siddhi Hospitality Orlando's premises[.]"); *see also Evanston Ins. Co. v. S & Q Prop. Inv.*, LLC, No. 8:11-cv-2121-T-27MAP, 2012 WL 4855537, at *2 (M.D. Fla. Oct. 11, 2012) (finding no coverage under assault and battery exclusion for negligence lawsuit where "the shooting . . . plainly constituted a battery"); *Those Certain Underwriters at Lloyd's London Who Subscribe to Policy Number TCN 002547 v. Karma Korner, LLC*, No. 6:10-cv-830-Orl-28GJK, 2011 WL 1150466 (M.D. Fla. Mar. 28, 2011) (coverage for shooting death excluded by assault and battery exclusion); *see also generally Essex Ins. Co v. Big Top of Tampa, Inc.*, 53 So. 3d 1220, 1223 (Fla. Dist. Ct. App. 2011) ("Policy provisions that exclude coverage for claims based on an assault or battery have been extended to exclude coverage for claims of negligence which arise out of the alleged assault or battery.").

## IV.    RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1.    **GRANT** Plaintiff Kinsale Insurance Company's Motion for Final Default Judgment (Doc. No. 50).

2.    **ENTER** default declaratory judgment in favor of Plaintiff Kinsale Insurance Company and against Defendant Devin Gaines finding that the surplus lines insurance policy, bearing Policy Number 0100198195-1, and effective from July 1, 2023 through July 1, 2024, does not provide coverage for any of the claims or damages in the underlying state court action due to the "Assault, Battery, Abuse, or Molestation" Exclusion in the Policy.

3.    **DIRECT** the Clerk of Court to close the file.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 6, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

- 12 -

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy